George E. **BOWDOIN**, Plaintiff

v.

**CHICAGO EXPRESS**, Inc., **Defendant.**

Civ. No. 1602.

United States District Court
N. D. Indiana, South Bend Division.

Nov. 10, 1954.

Stanley A. Raymer, Elkhart, Ind., Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., for plaintiff.

Roland Obenchain, Jr., South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for personal injuries wherein George E. Bowdoin is the plaintiff and Chicago Express, Inc., is the defendant which was tried to the Court on the sole issue of the amount of damages, the defendant having admitted liability by its answer as amended.

The issue in controversy being limited as it is, this opinion will serve as the special findings of fact and conclusions of law because they are incorporated herein.

The law in Indiana is quite clear on the measure of damage in an action for personal injuries, but as the question of permanency of plaintiff's injuries is in controversy, the determination of that question would appear to be first in order.

The evidence is uncontradicted and the only evidence of permanent injury relates to plaintiff's back. The plaintiff is a physician and surgeon and was a very fair witness. He testified that he had all of the cardinal symptoms of a ruptured intervertebral disc, but that no one could so state positively until they operated; that he had seen similar cases which did not get any better and he had seen some patients which got better slowly, but as to whether he could expect to recover from his residual injuries he really didn't know, and Dr. Baran, a neurosurgeon called as an expert witness by the plaintiff, testified on direct examination that the plaintiff has loss of functioning of nerve cells in the spinal cord but that his condition could remain the same, he could get worse, or he could get better and recover.

Speculation is a luxury in which courts cannot afford to indulge. The burden was on the plaintiff to prove permanent injury, if any he has, and in the opinion of this Court, he has failed to sustain that burden.

Under the evidence in the record the plaintiff is entitled to recover compensatory damages for his personal injuries flowing proximately from the negligence of the defendant including his loss of income, his pain and suffering and his expenses incurred, including the reasonable value of any necessary medical services even though gratuitously rendered.

The collision which resulted in plaintiff's injuries occurred on November 27, 1953. The plaintiff was totally incapacitated until January 4, 1954 when he returned to his office and his practice. The average monthly income which plaintiff earned from the practice of his profession for the year 1953 was $4,315.46. His loss of income, therefore, during the period of total incapacitation would be in the sum of $5,311.36.

This cause was tried on October 28, 1954, and the evidence shows some loss of income of the plaintiff during the first nine months of 1954, as the result of his partial disability. In the opinion of the Court, that loss is in the sum of $3,785.97.

The necessary expenses incurred by the plaintiff as the result of his injuries are in the sum of $448.80 and the plaintiff is entitled to recover for his pain and suffering.

It is, therefore, the considered opinion of this Court that the plaintiff, George E. Bowdoin, is entitled to recover of and

from the defendant, Chicago Express, Inc., the sum of $10,546.13 in damages for which judgment should be entered at the costs of the defendant, and it is so ordered.